UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BEAU JAMES ELLENBECKER,

        Plaintiff,

     v.                                 Case No. 20-C-1231

JIMMY JOHNS, et al.,

        Defendants.

## DECISION AND ORDER DENYING MOTION FOR RELIEF

On August 10, 2020, Plaintiff Beau James Ellenbecker filed a complaint against Defendant Jimmy John's. The court dismissed the complaint for failure to state a claim upon which relief could be granted on August 19, 2020, and directed Plaintiff to file an amended complaint by September 17, 2020. On September 18, 2020, Plaintiff filed a "response" to the screening order. The court allowed Plaintiff a final opportunity to file an amended complaint by October 21, 2020, and warned that failure to do so may result in dismissal of the action. Plaintiff failed to comply with that order, so the court dismissed the case without prejudice for failing to diligently pursue the action on October 26, 2020. Plaintiff subsequently submitted an amended complaint, which was signed on October 19, 2020, and a motion for relief from judgment. In his motion, Plaintiff explained that any delay in the court receiving his filings was caused by the COVID-19 pandemic and the post office. The court granted Plaintiff's motion to reopen the case, vacated the judgment, and screened the complaint on November 17, 2020. The court summarily dismissed the action on the ground that Plaintiff failed to state a claim upon which relief could be granted. Dkt. No. 14.

This matter comes before the court on Plaintiff's motion for relief from judgment pursuant to Rule 60(a) of the Federal Rules of Civil Procedure. For the following reasons, the motion will be denied.

As an initial matter, Plaintiff seeks relief on his request for recusal and change of venue. He asserts that the judgment should be vacated because he filed this action in the wrong venue. Even if venue does not properly lie in this district, improper venue does not divest the court of subject matter jurisdiction over Plaintiff's claim. By filing the lawsuit in this district, Plaintiff may have waived any challenge to venue. The purpose of the federal venue statute is to protect the defendants, not the plaintiff, from a potentially unfavorable venue. *See Leroy v. Great Western United Corp.*, 443 U.S. 174, 183–84 (1979). He also asserts that the court should recuse itself from making any further rulings. A judge should be disqualified if "he has a personal bias or prejudice concerning a party . . . ." 28 U.S.C. § 455. I have no bias or prejudice concerning Plaintiff. It is well established that, "unless there are exceptional circumstances, judicial rulings are grounds for appeal, not disqualification." *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996). Therefore, Plaintiff's motion for recusal and change of venue are denied.

Rule 60(a) states, "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). The purpose of Rule 60(a) is to correct errors, oversights, and omissions which result in a record that does not properly reflect the intention of the parties or the court; it is not intended to make substantive adjustments to an order or judgment. *See Brandon v. Chi. Bd. of Educ.*, 143 F.3d 293, 295 n.2 (7th Cir. 1998) ("[The order] accurately reflected the court's intention at the time it was entered. Thus, the error, to the extent there was one, was not in the transcription, but in the court's decision, a ground for relief not contained in Rule 60(a)."). The intent of the court was to dismiss

Plaintiff's amended complaint for failure to state a claim upon which relief can be granted. Because Plaintiff is not entitled to relief under Rule 60(a), his motion (Dkt. No. 16) is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for relief from order, for recusal, and to change venue (Dkt. No. 16) is **DENIED**.

Dated at Green Bay, Wisconsin this 21st day of December, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
